The opinion of the Court was delivered by
WITHERS, J.
The defendants, in these cases severally, sought to bar the recovery of the plaintiff, to whom while sui juris, the lands were originally granted, by exhibiting a *123 conveyance in wbicb sbe, as a married woman, bad joined ber husband, accompanied by wbat was urged as a valid release of inheritance. The date of such release (or certificate of it) being compared with the date of the conveyance showed that the requisite number of days, being seven, bad not elapped from the execution of the deed by husband and wife, but only six. The Circuit Court ruled, that such title exhibited a renunciation of inheritance invalid, and worked no bar or 'estoppel to the plaintiff who is now discovert. The jury disregarded the instruction and ruling of the Court, and found a verdict for the defendants. The motion is to set aside the verdict and for a new trial.
Nobody doubts that the renunciation of a married woman before the expiration of seven days from the time when she joins her husband in a conveyance of her land is wholly void as against her when in a condition to assert her original title* But it is contended, that, inasmuch as the certificate of the magistrate declares that seven days had expired, this is .to be taken as contradicting the dates which are inconsistent with it, and is to be imputed to the plaintiff as an estoppel, prima facie, and thus throw upon her the. burthen of proving that seven days, a quo, had not expired.
To ascertain upon whom the burthen of showing any mistake rested, it is enough to consider, that the defendants produced the paper that disclosed the- incongruity, — that, on its very face, showed the conveyance to have been executed on the 13th and the renunciation on the 19th of August, 1823. Surely it does not need argument or authority to show, that any ambiguity, or repugnance, or insufficiency or mistake, in language or figures in an instrument of evidence must be explained by him who offers it, and to whose success it is necessary, in cases where the adversary party who may have contributed to the question raised, or whose language raises it, was, at the time when the action was performed or the language used, under so complete a disability as that of a *124 feme covert; one wbo as at common law is eminently disabled to join effectually in our forms of conveying tbe title to realty.
This plaintiff being a married woman on tbe 19tb of August, 3823, was under tbe dominion of ber husband, in tbe jealous apprehension of tbe law, in any declaration she could make, touching a renunciation of ber inheritance, until tbe proper time bad elapsed. Before that time, on tbe sixth day, she may have declared what tbe certificate affirms, but she was not a free agent to make tbe declaration, or to confirm what bad been done in tbe premises, within seven days. She could do or say nothing, as one quasi discovert except in circumstances corresponding with those prescribed by tbe enabling statute, and tbe efflux of tbe specified period was a material matter. There is not any question that tbe defendants may, if they can, show that tbe seven days bad expired, tbe conflicting dates to tbe contrary notwithstanding. But until that be done, whatever hardship may be supposed to be visited upon them, tbe plaintiff cannot be disseized of ber freehold, or deprived of ber land. ' A new trial is ordered in the several cases stated.
O’Neall, Wardlaw, Whitner, G-lover and Munro, JJ., concurred.

New trial ordered.